J. K. LARKIN & COMPANY, INCORPORATED, APPELLANT,
v. JAMES B. MURPHY, APPELLEE.

Submitted May 13, 1927—Decided October 4, 1927.

Contracts—Employment—Suit for Money Advanced Employe, a
Salesman—Set-off for Wages—Memorandum of Indebted-
ness Made by Employe Basis of the Action—Memorandum
Held Not to be a Contract—Set-off Allowed by the Jury—
No Injurious Error in Allowing Subscribing Witness to be
Cross-examined Regarding His Knowledge of Plaintiff's
Business, Since He was Immediately Called as Defendant's
Witness—Judgment Affirmed.

On plaintiff's appeal from the District Court.

Before Justices Parker, Minturn and Campbell.

For the appellant, James P. Mylod.

For the appellee, Sidney W. Eldridge.

Per Curiam.

We find only one ruling of the trial court brought before
us in such wise as to be entitled to examination on the merits,
and that is the refusal to nonsuit on the counter-claim. The
other "specifications" are either general, i. e., they do not
specify (Nos. 1, 2, 3, 4) or point to no judicial action what-
ever (No. 6).

The first specification, that the court allowed the witness
Hays to be cross-examined over objection regarding his
knowledge of the custom of plaintiff's business, is technically
faulty, but we have examined the point on its merits. Hays
was called by plaintiff as subscribing witness to a document.
It was, of course, technical error to permit cross-examination
outside of that point; but, practically, it was harmless, as a
moment later defendant made Hays his own witness, and
whether he was testifying on direct or cross meant nothing to
the jury under the circumstances.

As to the refusal to nonsuit: Murphy had been in the
employ of Larkin company and resigned March 31st, to take

effect May 1st. The company discharged him as of March 31st. It was open to the jury to find that he was employed by the month, and hence entitled to a month's notice, which was not given. *Beach* v. *Mullin*, 34 *N. J. L.* 343. Plaintiff had advanced Murphy moneys aggregating $266.66, and when he resigned exacted of him an I O U in the following language:

"March 31st, 1925.

"My resignation as salesman with J. K. Larkin & Co., Inc., 253 Broadway, New York City, has been accepted by them to-day and effective to-day.

"This is to state that I owe J. K. Larkin & Co., Inc., New York, the sum of $266.66. This amount is due to $100 loaned me by the company quite some time ago, and $166.66 for advanced salary made by Mr. Brodhead, former treasurer of J. K. Larkin & Co., Inc.

"There are no legal defenses in the above amount of $266.66.

"JAMES B. MURPHY.

"Witness:

"WM. C. HAYS,
    "*Vice-President, J. K. Larkin & Co., Inc.*"

This paper was the basis of the plaintiff's suit. Murphy filed a set-off for two weeks' wages, amounting to $166.66, which the jury allowed, and awarded plaintiff the balance of $100.

It is argued that this paper is a contract. It is not; it is an admission of indebtedness but not conclusive, and subject to attack by parol testimony like a receipt, or a promissory note as between the parties maker and payee.

It is further argued that there was no consideration for the agreement alleged by Murphy in his testimony, that plaintiff promised him half a month's wages in view of his quitting at once. But if Murphy was entitled to a month's notice, or even if there was a fair question whether he was so entitled, the settlement of that was a legal consideration.

We find no injurious error properly assigned, and conclude that the judgment should be affirmed.